<h1 style="text-align:center">UNITED STATES DISTRICT COURT<br>FOR THE<br>DISTRICT OF COLUMBIA</h1>

| | |
|---|---|
| AMIR GHANE<br>   Raz Building, apt #4, W. Ghodousi Blvd,<br>   Shiraz, Fars, Iran 71868<br><br>            Plaintiff(s)<br><br>            v.<br><br>ANTONY J. BLINKEN, in his official capacity, Secretary, U.S. Department of State;<br>RENA BITTER, in her official capacity, Assistant Secretary, Bureau of Consular Affairs;<br>SCOTT M. OUDKIRK, in his official capacity, Chargé d'Affaires, United States Embassy, Ankara, Turkey,<br>U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>            Defendant(s). | Civil Action No 1:23-cv-2990 |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, Indiana 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

1

**INTRODUCTION**

COMES NOW AMIR GHANE (hereinafter "Plaintiff GHANE" or "Plaintiff") the Plaintiff, by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to complete the adjudication of Plaintiff GHANE's K-1 Fiancé(e) visa Application (hereinafter "Application") within a reasonable period of time. As a result of the Defendants' unreasonable delay, Plaintiff GHANE has been forced to live without his U.S. citizen fiancée, Farnoosh Feiz for an unreasonably long period of time.

2. In recognition of the special place that spouses and fiancé(e)s of U.S. citizens hold in immigration law, Congress has mandated that it shall be the policy of the State Department to process each application for a spouse or K-1 fiancé(e) of a U.S. citizen within 30 days of receipt of all necessary documents from the applicant and the USCIS. 8 U.S.C. § 1201 note 6, Act Sept. 30, 2002, P.L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373.

3. Plaintiff properly and completely submitted his Form DS-160 on or around October 20, 2022, and thereafter attended his visa interview with the U.S. Embassy in Ankara, Turkey, on February 23, 2023. On February 23, 2023, the same day as the interview, Plaintiff was given a notice informing him that the case would be placed in administrative processing pending further review.

4. Despite properly submitting the Application, appearing for an interview, and providing the requested supplemental information, post interview, Plaintiff GHANE's visa application has remained in administrative processing for over seven months (225 days) since the date of his interview without completion of processing or any explanation beyond a generic statement that the case is in "administrative processing."

5. The U.S. Embassy in Ankara, Turkey, has not taken any further action on the Application since he completed his interview. The U.S. Embassy cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff GHANE's visa Application as Plaintiff has provided the Embassy with all necessary information to adjudicate his visa Application and proceed with the final adjudication of his Application.

6. Due to the Defendant's unreasonable delay, Plaintiffs cannot marry each other while waiting for the fiancé(e) visa process to continue as this will disqualify the visa Application from being adjudicated and approved. If the Plaintiff and his U.S. fiancée marry, they will then be forced to pursue a marriage-based visa application, which would force them to live in separate countries for an even longer period of time.

7. Plaintiff GHANE has a clear right to adjudication of his Application within a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

8. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

**PARTIES**

9. Plaintiff GHANE is a citizen of Iran and the beneficiary of an approved I-129F by virtue of his relationship to his U.S. citizen fiancée, Farnoosh Feiz. Plaintiff GHANE is also the fiancé(e) visa applicant in this matter.

10. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is

responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies  This action is filed against him in his official capacity.

11. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in her official capacity.

12. Defendant SCOTT M. OUDKIRK is the Chargé d'Affaires of the United States Embassy in Ankara, Turkey. He is the principal officer in charge of the Embassy. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15. Plaintiff GHANE has repeatedly requested the Defendants to take action on Plaintiff GHANE's visa Application and complete the adjudication of the same. Furthermore, Plaintiff has initiated numerous inquiries with the U.S. Embassy in Ankara, Turkey, without any resolution. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied the NVC and U.S.

Embassy in Ankara, Turkey, with documents that establish Plaintiff GHANE's eligibility to receive a fiancé(e) visa to come to the United States.

16. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

17. On October 20, 2022, Plaintiff GHANE became the beneficiary of an approved Form I-129F (Receipt# WAC2190124618), Petition for Fiancé(e). He continues to qualify as a beneficiary based on his relationship to Plaintiff FEIZ. **[EXHIBIT A].**

18. On October 20, 2022, Plaintiff GHANE was notified by the United States Citizenship and Immigration Service ("USCIS") that the approved visa petition had been sent to the NVC for processing of the K1 Visa [NVC CASE# ANK2023513010].

19. On February 23, 2023, Plaintiff GHANE completed his scheduled interview at the U.S. Embassy in Ankara, Turkey.

20. At the conclusion of the interview, Plaintiff GHANE was asked to provide the Embassy with supplemental information, which he did the same day, February 23, 2023, submitting Form DS-5535 to the Embassy. Plaintiff GHANE's Application now continues to be pending with the Embassy for over 225 days (over seven months), since Plaintiff GHANE completed his K1 visa interview, even though the U.S. Embassy has all the necessary documentation to proceed with a final adjudication of his visa Application.

21. Since February 23, 2023, Plaintiff GHANE has made numerous requests for the adjudication of his case, all without receiving any meaningful response from the U.S. Embassy in Ankara, Turkey.

22. Plaintiff GHANE's Application remains to be in administrative processing status with the U.S. Embassy for a total of over seven months (225 days) and is likely to continue in this status for months or even years without judicial action.

23. The U.S. Embassy in Ankara has yet to provide further explanation which would merit the need for over seven months (225 days) of administrative processing time since he completed his interview, when all the required information has been gathered and even approved.

24. Plaintiff has endured significant financial and emotional hardships as a result of the unreasonable period of time that Plaintiff GHANE's case has been pending without final adjudication.

25. Plaintiff and his U.S. citizen spouse are unable to begin their lives together as a married couple given that Plaintiff GHANE's Visa Application will be denied if they do marry prior to the fiancé(e) visa being issued.

## VIOLATION OF THE APA

26. All prior paragraphs are re-alleged as if fully stated herein.

27. Plaintiff has a statutory right to apply for a fiancé(e) visa pursuant to 8 U.S.C. §1184(d).

28. Defendants have a duty to adjudicate Plaintiff GHANE's Application within a reasonable period of time under 5 U.S.C. §555(b).

29. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

30. No other adequate remedy is available to Plaintiff GHANE.

31. Defendants have conducted the initial investigation and have sufficient information and documentation about the Plaintiff to complete the adjudication of Plaintiff GHANE's Application.

32. Congress has mandated that it shall be the policy of the State Department to process each application for a K-1 fiancé(e) of a U.S. citizen within 30 days of receipt of all necessary documents from the applicant and the USCIS. 8 U.S.C. § 1201 note 6, Act Sept. 30, 2002, P.L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373.

33. Plaintiff GHANE's Application has been pending for a total of over eleven months (351 days) since he completed the submission of his visa Application and all supporting documents, which is well over the 30 days prescribed by law.[1]

34. Given the Defendants' lack of a sufficient reason for not adjudicating Plaintiff GHANE's Application for over eight months, Plaintiff GHANE's Application has been pending for an unreasonably long period of time.

35. Defendants cannot use COVID-19 as an excuse as any required in-person interactions have already taken place. Plaintiff GHANE's visa Application remains pending for a total period of 351 days since it was received by NVC.

36. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

37. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff GHANE's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff GHANE's case.

38. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff GHANE's U.S. citizen fiancée's due process rights pertaining to her familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused

---

[1] https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/wait-times.html.

to adjudicate Plaintiff GHANE's Application, thereby depriving Plaintiff and his U.S. citizen fiancée of the rights to which they are entitled.

39. In addition, as a result of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, their entire lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for the adjudication of Plaintiff GHANE's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. That the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: October 6, 2023

Respectfully submitted,

   /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*